IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE RUSSELL, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY MARTINEZ DETENTION FACILITY, et al.,<br><br>  Defendants. | No. C 14-05469 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at Pelican Bay State Prison, filed an civil rights action pursuant to 42 U.S.C. § 1983. After dismissing the action for failure to pay the filing fee, the Court provided Plaintiff another opportunity to file an In Forma Pauperis Application to reopen the matter. (Docket No. 31.) Plaintiff did so, along with an amended complaint. (Docket Nos. 32 & 33.) The Court granted Plaintiff pauper status and ordered the matter reopened on August 31, 2015. (Docket Nos. 36 & 37.)

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claim**

In the caption of the amended complaint, Plaintiff wrote in "Contra Costa County Martinez Detention Facility" and "Thomas Maddock Judge." (Docket No. 32 at 1.) In the statement of claim, Plaintiff wrote the following, "False Imprisonment. Double Jeopardy. Mental health CCCMS." (Id. at 3.) As such, the amended complaint is deficient because Plaintiff has failed to describe how the named defendants specifically acted to violate his rights. He will be granted leave to amend to address this deficiency.

In preparing an amended complaint, Plaintiff must allege sufficient facts indicating what federal rights that were violated how specific defendant(s) under color of law acted to deprive him of those rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633 (inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint. The second amended complaint must include the caption and civil case number used in this order – Case No. C 14-05469 HRL (PR) – and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint will completely supersede the original and amended complaints, and Plaintiff may not make references thereto.

**Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 9/21/15

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY LEE RUSSELL, JR.,

        Plaintiff,

v.

CONTRA COSTA COUNTY MARTINEZ
DETENTION FACILITY, et al.,

        Defendants.

Case Number: CV14-05469 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/21/15, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Lee Russell AR8643
Pelican Bay State Prison
A-1-113
P.O. Box 7500
Crescent City, CA 95532

Dated: 9/21/15

P. Cromwell, deputy
Susan Y. Soong, Clerk